COLFIX et al., Respondent, v. CALDWELL, County Auditor, Appellant.

(157 N. W. 661.)

(File No. 3983.   Opinion filed May 1, 1916.)

**Schools—Detaching School District Territory—Independent School District—Statute—Legislative Policy.**

> Laws 1907, Ch. 135, Art. 3, Sec. 73, provides that the county superintendent of any county shall have power, whenever petitioned by any land owner whose place of residence on such land in any school district in such county, or whose dwelling house thereon, is more than three miles from the schoolhouse in such district, to attach such land, not exceeeding 160 acres, to an adjoining school district, the schoolhouse in which is located within three miles or less of such resident's dwelling house; which article, as shown by its context, relates to common school districts.   Sec. 66 declares, that any school district containing one or more schools, except those covered by the provisions of Art. 11 relating to cities, towns and adjacent territory organized as independent districts, is for purposes of this chapter defined to be school districts.   Art. 11, Sec. 176 of said chapter, relating to independent school districts, provides for the attaching of adjacent territory outside of the limits of any independent district, to a given independent district, by proceedings based upon petition for such change by a majority of resident electors.   Held, that the latter section alone applies to proceedings to detach territory from an independent school district and to attach same to another district; and it cannot be detached merely on the order of the county superintendent, as may be done in cases of common school districts; that it was the manifest legislative policy to distinguish between the two cases of school districts as regards the methods of detaching territory.

Appeal from Circuit Court, Hanson County.   Hon. FRANK B. SMITH, Judge.

Proceedings by F. L. Colfix and others, for a writ of mandamus, against W. A. Caldwell, as county auditor of Hanson County, to compel defendant to include certain land and personalty assessed thereon, as property assessable against Fulton Independ-

ent School District. From a judgment awarding a peremptory writ, defendant appeals. Affirmed.

*H. J. Mohr,* for Appellant.

*William R. Danforth,* for Respondents.

Appellant cited: Laws 1907, Chap. 135, Art. 3, Sec. 73.

Respondents cited: Laws 1907, Chap. 135, Art. 3, Sec. 66; id. Art. 11; County of Brown v. City of Aberdeen, 4 Dak. 402, 31 N. W. 735.

GATES, J. On April 8, 1915, the county superintendent of schools of Hanson county, S. D., made an order detaching the S. E. ¼ of Sec. 21, Tp. 103 N., R. 58 West 5th P. M., from Fulton independent school district, and attaching it to Jasper school district. The order was made without notice, and was based upon a petition by the landowner showing that her residence was more than 3¼ miles from the schoolhouse in the former district, and not more than 2¼ miles from the schoolhouse in the latter district. The former district was an independent school district existing under the provisions of article 11, c. 135, Laws 1907, as amended. The latter district was a common school district existing under the provisions of article 3 of said chapter.

On the theory that the act of the county superintendent was a nullity, mandamus was brought to compel the county auditor to include the said land and the personal property assessed thereon in the computation of the taxes to be assessed against Fulton independent district. From the judgment awarding a peremptory writ of mandamus, defendant appeals.

The controlling question is whether the act of the county superintendent was valid. It is conceded that such action was taken under the provisions of section 73, art. 3, of chapter 135, Laws 1907, which is as follows, the italics being ours:

"The county superintendent of any county in this state shall have power and it shall be his duty, whenever petitioned so to do by any landowner whose place of residence on such land *in any school district in such county,* or whose dwelling house thereon is more than three miles from the location of the schoolhouse in such district, to make an order attaching such land, not to exceed one hundred and sixty acres, to any adjoining school district, the schoolhouse in which is located within three miles or less of said

residence or dwelling house, and thereafter said land shall be a part of the district to which it is so attached."

Prior portions of said section provide that the boundaries of common school districts may be changed by the board of county commissioners and the county superintendent of schools on the petition of ten resident voters.

It is appellant's contention that this section authorized the act of the county superintendent on the theory that the words "any school district in such county" embraced the independent district. It is respondent's contention that this section applies only to common school districts, and that the mode of detaching territory from an independent district is governed by section 176 of article 11 of said chapter, a portion of which section is as follows, the italics being ours:

"Territory outside of the limits of any organized independent school district, but adjacent thereto, may be attached thereto, and territory *within the limits of any independent district,* organized for school purposes *and adjacent to any school district,* may be attached to *said school district,* whether said independent district has been organized by special act or otherwise, under the following conditions:

"First. Application by written petition for such change *must be made by a* majority of the resident electors desiring to have territory attached to or detached from any independent district.

"Second. Upon receipt of such petition the county superintendent shall call a committee to decide upon granting or refusing the petition, said committee consisting of himself, the president of the board of education of said independent district, and the chairman of the district board.

"Third. The committee shall consider the interest of the two corporations concerned, the convenience of the petitioners and the permanent school interest, and if they deem it proper, shall grant the petition and issue an order authorizing the attaching of such territory to the independent district or school districts to which it is adjacent. * * *

"Fourth. The committee shall also have power to adjust all property interests involved in the change which concerns the two corporations interested. Before the issuance of an order authoriz-

ing the change, they shall make an equitable adjustment of any question of indebtedness involved.

"Fifth. A record of the decisions of the committee shall be transmitted to the clerks of the school board and board of education interested, for record, and a copy forwarded to the county auditor by the superintendent.

"Sixth. Such territory shall, from the date of the order authorizing such change, be considered a part of the independent district of [or] the said school district:

"Provided, that such order shall not be issued until after the action and decisions of the committee are recorded by the board of education and the district school board.

"The taxable property of all such adjacent territory shall be subject to taxation and bear its proportion of expenses incurred in the erection of school buildings and maintaining the schools of such corporation."

We are entirely clear that respondents' theory is the correct one. Section 73 of said chapter is found in article 3, which relates to common school districts. Section 66 of said article expressly says:

"Any school district containing one or more schools except those governed by the provisions of article XI relating to cities, towns, and adjacent territory organized as independent districts, are for the purposes of this chapter defined to be school districts."

The words "in any school district in such county," in section 73, must be controlled by their situation in the whole chapter, and by their context to refer solely to common school districts. So construing them, there is no conflict between that section and section 176. If such language be construed as contended for by appellant, a conflict between the two at once arises. It may with reason be claimed that the quoted portion of section 73 also conflicts with the previous portion of said section. That is very true, but the manifest legislative intent to recognize such conflict in the case of common school districts ought not to be extended beyond the letter of the law. By the very definition given in section 66, supra, an "independent district" is not a "school district" within the meaning of the provisions of article 3 of said chapter. The rule of construction therefore to be adopted by the court is obvious. It was manifestly the legislative policy to make a dis-

tinction between the two kinds of school districts in regard to the method of detaching territory. The act of the county superintendent therefore being a nullity, the said land has never been detached from said independent district, and it was the clear duty of the county auditor to include said land and personal property in arriving at the tax levy and in spreading the taxes in said independent district.

All of appellant's assignments of error fall with the determination of the above question, and it is not necessary to consider them in detail.

The judgment appealed from is affirmed.