tinction between the two kinds of school districts in regard to the method of detaching territory. The act of the county superintendent therefore being a nullity, the said land has never been detached from said independent district, and it was the clear duty of the county auditor to include said land and personal property in arriving at the tax levy and in spreading the taxes in said independent district.

All of appellant's assignments of error fall with the determination of the above question, and it is not necessary to consider them in detail.

The judgment appealed from is affirmed.

---

DESMOND et al., Respondent v. CALDWELL, County Auditor, et al., Appellants.

(157 N. W. 662.)

(File No. 3984. Opinion filed May 1, 1916.)

Appeal from Circuit Court, Hanson County. HON. FRANK B. SMITH, Judge.

Proceeding by J. S. Desmond and others, against W. A. Caldwell, as County Auditor of Hanson County, and another, and Jesse Robertson, as County Superintendent of Public Schools, for a writ of mandamus. From a judgment awarding a peremptory writ of mandamus, the first-named defendants appeal. Affirmed.

*H. J. Mohr,* for Appellants.

*E. E. Wagner,* for Respondents.

GATES, J. This proceeding is similar in its nature to that of Colfix v. Caldwell, file No. 3983, 37 S. D. 243, 157 N. W. 661, decision at this term. The decision of that case governs this.

The judgment is affirmed.

---

KEEN, Respondent, v. CITY OF MITCHELL, Appellant.

(157 N. W. 1049.)

(File No. 3755. Opinion filed May 20, 1916. Rehearing denied July 10, 1916.)

1. **Municipal Corporations—Depression in Street—Negligence.**

A depression in a street, about 7 or 8 inches in depth at the deepest point at the bottom and about 12 feet wide at the top, regularly sloping upward each way from the middle of such